Opinion of the court delivered by
Southard J.
The state of demand with great prolixity and inversion of words and phrases, sets out the follow- • . . mg case, lhat, plaintiff being a constable, had an execution put in his hands, which had been issued by John Smith esq. at the suit of the present plaintiffs, against one John Teaple; that in virtue of this execution, he levied *246 upon Teaple’s goods and advertised to sell them; that at time of sale he was forbidden to proceed, by Nicholas Emxmons, who claimed a right to the goods; that he desisted, “ but the defendants then and there ordered him peremptorily to complete the sale, and averred that they would forever indemnify him from all claims and demands whatever, of and from all and every person and persons whatever, and then and there promised and faithfully undertook, to pay him all damages, costs and expenses whatever, that he should be put to or suffer in consequence of the premises, or in consequence of the sale of said goods, by virtue of said execution; and further to stand between him and all harm, costs, damages and expenses whatever, that should arise to him in consequence of his selling said goods by virtue of his office, and of said execution, so as aforesaid delivered to him to execute;” that he did sell the goods to satisfy the execution; that Emmons sued him for the goods, before W. Corwin esq.; that an appeal was taken by Emmons, to the Common Pleas of Morris, and judgment finally rendered there, in favour of Emmons for 60 dollars damages, and 17 dollars, 5 cents costs; that he paid 9 dollars to counsel to aid him in the two trials, and that he spent much time and money in defending the suits; all which are particularized in the state of demand; and he lays his damages at 100 dollars.
At the trial, two witnesses were sworn, and a record in the case of Emmons v. Coleman, from the Common Pleas of Morris, read. Judgment was given in favour of the plaintiff for 99 dollars, 50 cents; and this judgment is sought to be reversed and *various reasons are filed, but being without the aid of an argument, I am at a loss to discover which were intended to be relied on.
1. The first reason is, because the state of demand is insufficient, in this, that the original contract, if any, was founded on a consideration not executed at the time, viz. that the constable should proceed to sell by virtue of the execution, and pay the monies to the plaintiff, whereas there is no averment of the payment of the money, either to the justice or plaintiff. This reason is founded in misconception. We are to take the contract as alleged *247 by the plaintiff, and on this occasion, we are to presume that he proved it as laid. Now, the state of demand does not set out, nor indeed is there any thing in any part of the record to shew, that the payment of the money was any part of the contract: nor is it to be presumed from the nature of the transaction. The sale of the goods was forbidden : the promise of the plaintiff was to indemnify the constable for selling, notwithstanding this circumstance, and produce a sale. The payment of the money to plaintiff was no part of the difficulty, and cannot be supposed to be any part of the contract. If the sale was effected, there could be no obstacle on this point: the plaintiff had ample means of enforcing the payment. Why then should the payment be stated or averred in the demand ? It could have answered no other purpose but to entangle the party, and, perhaps through want of proof, produce a nonsuit.
2. Because the suit should have been brought by the plaintiff, as late constable. This was not necessary. The claim was not of a kind to require it. And even if it were, the record and process expressly give the plaintiff that character; and though the commencement of the state of demand does not, yet the body of it displays the whole case and the office in which he received the promise.
3. The justice admitted improper evidence; viz. a record of the common pleas of Morris county. I do not see the legal objection to this record. It is true, it appears in slovenly style, but such as is usual every where, in appeal cases; it is properly certified; and is the most conclusive evidence of the plaintiff’s right to recover.
Nothing appears to support the fourth reason.
*5. Because the undertaking should have been in writing, under the statute of frauds. I should have been pleased to see the discerning mind of the plaintiff’s counsel, exercised to prove this point. Why does the statute of frauds require that an undertaking like this should be in writing ? It is not a promise “ to answer for the debt, default, or miscarriage of another.” It is an original undertaking on the part of the plaintiff, which induces the constable to incur the liability. Such a contract is neither within the statute, nor is it in any respect unlaw *248 ful. It may well be enforced. “ A sheriff or constable may take a bond or promise to keep him harmless in the doing of a lawful act, and the bond or promise is good ; but if it be in the doing of that which he ought not to do, the bond or promise is void, and against law.” 1 Ld. Ray. 279. Oro. Jao. 652. In this case, the constable was right in taking the promise; and I see no reason why we should refuse to enforce it.
In my opinion let judgment be affirmed.